### SERVICE ON FOREIGN CORPORATIONS.

Common Pleas Court of Hamilton County.

R. W. BLANTON v. THE BURROUGHS ADDING MACHINE COMPANY.

Decided, August 1, 1912.

*Summons—Service on Agent of Foreign Corporation—No Advantage Given Over Domestic Corporations—Section 11288.*

The agent of a foreign corporation doing business in this state may be served in any county in the state where he may be found and by process issuing out of any county in the state.

*Hollister & Hollister,* for plaintiff.
*Littleford, James, Ballard, Frost & Foster,* contra.

DICKSON, J.

This is an action upon an alleged breach of contract of employment to sell adding machines. The defendant is a foreign corporation. Service of summons was made upon F. S. Crane, at Cleveland, Cuyahoga county, through the sheriff of Hamilton county and the sheriff of Cuyahoga county. Motion is made "to dismiss the service of summons and the return," because the same were not properly made.

The question raised by the motion is: Can the defendant thus be brought to this county to defend, or must the plaintiff go to Cuyahoga county to prosecute? Section 179, General Code, is called into question. Before a foreign corporation can do business in Ohio it must obtain a certificate of admission, and before such certificate can be given, Section 179, General Code, must be complied with. This section reads as follows:

"Before granting such certificate, the Secretary of State shall require such foreign corporation to file in his office a sworn copy of its charter or certificate of incorporation, and a statement under its corporate seal setting forth the following: the amount of capital stock of the corporation, the business in which it is en-

gaged or in which it proposes to engage within this state; the proposed location of its principal place of business within this state; and the name of a person designated as provided by law, upon whom process against the corporation may be served within this state. The person so designated must have an office or place of business at the proposed location of the principal place of business of the corporation.''

This law clearly provides that a person must be named upon whom process may be served within this state, but the section is silent as to where he may be served. After certificate granted the foreign corporation may do business anywhere in Ohio—may have branches anywhere in Ohio.

Section 11288 of the General Code provides:

''A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or if none of such officers can be found, by a copy left at the office or usual place of business of the corporation with the person having charge thereof.''    *    *    *

Section 11290, General Code, provides:

''When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent.''

The act governing service upon the designated agent does not tell where he shall be served.

The court is of the opinion he may be served in any county where he may be found in the state and by process issuing out of any county in the state.

If this ruling cause a hardship upon the foreign corporation, the Legislature may say clearly by amendment what it means.

The court is of the opinion that the Legislature did not intend to treat foreign corporations better than domestic corporations, and it did not intend that the defendant company could have a branch in Hamilton county and do business here, and that all who do business here with it should go to Cuyahoga county for redress.

The motion will be overruled.